Alexandre v. Garland

BIA
Mulligan, IJ
A209 866 675

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty-one.

PRESENT:
> BARRINGTON D. PARKER,
> REENA RAGGI,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

_____

JODE ALEXANDRE,
> *Petitioner,*

v.                                                    18-2532
                                                      NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*[1]

_____

FOR PETITIONER:            Hagit Muriel Elul, Esq., Hughes
                           Hubbard & Reed LLP, New York, NY;

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted for former Attorney General William P. Barr as Respondent.

Elizabeth Rieser-Murphy, Esq., The Legal Aid Society, New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Acting Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel; Andrew Jacob Oliveira, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Jode Alexandre, a native and citizen of Haiti, seeks review of an August 15, 2018, decision of the BIA affirming a February 21, 2018, decision of an Immigration Judge ("IJ") denying Alexandre's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Jode Alexandre,* No. A 209 866 675 (B.I.A. Aug. 15, 2018), *aff'g* No. A 209 866 675 (Immigr. Ct. N.Y.C. Feb. 21, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d

2

Cir. 2005). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii).  We review adverse credibility determinations for substantial evidence.  *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).  Given the lack of explanation in the agency's decision, as well as the possible consideration of an unsubstantiated allegation regarding a matter outside the record, we cannot conclude that the findings relied upon by the agency provide substantial evidence for the adverse credibility determination.  While the agency may rely on any omission or inconsistency in making an adverse credibility determination, *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008), not all omissions and inconsistencies deserve

3

the same weight, *see Hong Fei Gao*, 891 F.3d at 77. The agency must "evaluate each inconsistency or omission in light of 'the totality of the circumstances, and all [the] relevant factors.'" *Id.* at 79 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

In finding Alexandre not credible, the IJ relied on his border interview statement that he was coming to the United States to find work and did not fear returning to Haiti. Alexandre did not dispute making this statement, but explained that he was told by an individual "who works that route" not to disclose his fear of return at the border as doing so would make him "eligible for immediate deportation." Certified Admin. Rec. at 166. Although an IJ is not required to accept an asylum applicant's explanation for record inconsistencies, the IJ must engage or evaluate an applicant's explanation. A "summary conclusion that the Court does not accept [petitioner's] explanation [does] not meet this requirement." *Hong Fei Gao*, 891 F.3d at 81-82 (internal quotation marks omitted). This is particularly so when, as here, the inconsistency pertains to a border-interview statement. *See Latifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir. 2005) (identifying error in IJ's reliance on

4

applicant's statement during airport interview that he did not fear return where IJ did not consider explanation that applicant was "afraid and pressured"). Here, the IJ rejected Alexandre's explanation, stating that he found it "more likely" that Alexander later fabricated an asylum claim to avoid deportation. Certified Admin. Rec. at 97. But the IJ did not explain why he found this more likely. Absent some explanation as to why the IJ thought Alexandre likely fabricated his asylum claim, a due process issue arises as to whether the IJ relied on the Department of Homeland Security's ("DHS") assertion—unsubstantiated in the record—that Haitians have a pattern of fabricating asylum claims. *See Burger v. Gonzales*, 498 F.3d 131, 132–33 (2d Cir. 2007) (Due process requires "if the [BIA] intends to take administrative notice of potentially dispositive facts, it must warn a petitioner and provide the petitioner with an opportunity to respond before it . . . enters a final order of removal on the basis of those facts."); *cf. Brown v. Ashcroft*, 360 F.3d 346, 352 (2d Cir. 2004) (submission of conviction record did not violate due process because alien had opportunity to contest evidence at the hearing).

5

Because the IJ gave significant weight to this initial finding of likely fabrication, we cannot determine whether he would have reached the same adverse credibility determination based only on the other identified inconsistencies. The IJ correctly noted inconsistency between Alexandre's border-interview statement that he left his passport in Brazil and his testimony that his passport was stolen in Nicaragua. But it is not apparent on the record before us how that inconsistency relates to the rationale for his asylum claim. *See Hong Fei Gao*, 891 F.3d at 77. Also, the IJ did not engage with or, on the record, evaluate Alexandre's explanation that he initially said he left his passport in Brazil to avoid deportation directly to Haiti. *See id.* at 81–82 (requiring IJ to "engage or evaluate the explanation" (internal quotation marks omitted)); *see also Pavlova v. INS*, 441 F.3d 82, 89–90 (2d Cir. 2006) (remand appropriate where not apparent on the face of record that agency considered explanation).

The IJ also found Alexandre's credibility undermined by his inability to remember the month or time of year in 2013 when his mother told him over the phone that his sister had

6

died. This lack of detail concerns an event unrelated to Alexandre's own past persecution, though supportive of his professed continuing fear if returned. In his brief to this Court, Alexandre submits that his inability to pinpoint the season is less telling of credibility because he was living in the Domincan Republic where there is little seasonal variation. We do not ourselves assess this explanation but, instead, leave it for agency determination on remand.

Finally, the IJ's finding that the testimonies of Alexandre's brothers were vague related primarily to details following their sister's death. They gave consistent accounts as to Alexandre's political activities and the harm that he suffered.

In sum, we cannot conclude on the record before us that the IJ's adverse credibility finding is supported by substantial evidence. Accordingly, we are obliged to remand for further proceedings consistent with this order. *See Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019) ("When the agency has denied asylum and related relief on credibility grounds, we can (and we will) affirm only if (a) the agency offered a clearly independent and sufficient ground for its

ruling, one that is not affected by any erroneous adverse credibility findings, or (b) the evidentiary record includes statements that are so inconsistent that we can be confident that the agency would not accept any kind of explanation.").

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8